**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

| | |
|---|---|
| MICAH JESSOP; BRITTAN ASHJIAN, *Plaintiffs-Appellants*, <br><br> v. <br><br> CITY OF FRESNO; DERIK KUMAGAI; CURT CHASTAIN; TOMAS CANTU, *Defendants-Appellees*. | No. 17-16756 <br><br> D.C. No. 1:15-cv-00316-DAD-SAB <br><br><br> OPINION |

Appeal from the United States District Court
for the Eastern District of California
Dale A. Drozd, District Judge, Presiding

Argued and Submitted December 18, 2018
San Francisco, California

Filed March 20, 2019

Before: MILAN D. SMITH, JR., JACQUELINE H.
NGUYEN, Circuit Judges, and JANE A. RESTANI,* Judge.

Opinion by Judge Milan D. Smith, Jr.

---

*The Honorable Jane A. Restani, Judge for the United States Court of International Trade, sitting by designation.

## SUMMARY**

### Civil Rights

The panel affirmed the district court's order granting the City Officers' motion for summary judgment in an action alleging that City of Fresno police officers violated the Fourth and Fourteenth Amendments when they stole Appellants' property after conducting a search and seizure pursuant to a warrant.

Following the search, the City Officers gave Appellants an inventory sheet stating that they seized approximately $50,000 from Appellants' properties. Appellants alleged, however, that the officers actually seized $151,380 in cash and another $125,000 in rare coins. Appellants alleged that the City Officers stole the difference between the amount listed on the inventory sheet and the amount that was actually seized from the properties.

The panel held that it need not decide whether the City Officers violated the Constitution. The panel determined that at the time of the incident, there was no clearly established law holding that officers violate the Fourth or Fourteenth Amendment when they steal property that is seized pursuant to a warrant. The panel noted that the five other circuits that had addressed that question, or the similar question of whether the government's refusal to return lawfully seized property violated the Fourth Amendment, had reached different results. The panel held that in the absence of binding authority or a consensus of persuasive

---

** This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

authority on the issue, Appellants failed to demonstrate that it was clearly established that the City Officers' alleged conduct violated the Fourth Amendment. Accordingly, the panel held that the City Officers were entitled to qualified immunity.

## COUNSEL

Kevin G. Little, Esquire (argued), Law Office of Kevin G. Little, Fresno, California, for Plaintiffs-Appellants.

Daniel P. Barer (argued), Pollak, Vida & Barer, Los Angeles, California, for Defendants-Appellees City of Fresno, Curt Chastain, Tomas Cantu, and Derik Kumangai.

Peter J. Ferguson and Allen Christiansen, Ferguson, Praet & Sherman, APC, Santa Ana, California, for Defendants-Appellees the City of Fresno, Curt Chastain and Tomas Cantu.

Kevin M. Osterberg, Haight, Brown & Bonesteel, LLP, Riverside, California, for Defendant-Appellee Derik Kumangai.

## OPINION

M. SMITH, Circuit Judge:

Micah Jessop and Brittan Ashjian (Appellants) appeal an order granting a motion for summary judgment on the defense of qualified immunity filed by the City of Fresno and City of Fresno police officers Derik Kumagai, Curt Chastain, and Tomas Cantu (City Officers) in an action

alleging that the City Officers violated the Fourth and Fourteenth Amendments when they stole Appellants' property after conducting a search and seizure pursuant to a warrant.

We need not—and do not—decide whether the City Officers violated the Constitution. At the time of the incident, there was no clearly established law holding that officers violate the Fourth or Fourteenth Amendment when they steal property that is seized pursuant to a warrant. For that reason, the City Officers are entitled to qualified immunity.

**FACTUAL AND PROCEDURAL BACKGROUND**

As part of an investigation into illegal gambling machines in the Fresno, California area, the City Officers executed a search warrant at three of Appellants' properties in Fresno. The warrant, signed by Fresno County Superior Court Judge Dale Ikeda, authorized the

> seiz[ure] [of] all monies, negotiable instruments, securities, or things of value furnished or intended to be furnished by any person in connection to illegal gambling or money laundering that may be found on the premises . . . [and] [m]onies and records of said monies derived from the sale and or control of said machines.

If the City Officers found the property listed, they were "to retain it in [their] custody, subject to the order of the court as provided by law."

Following the search, the City Officers gave Appellants an inventory sheet stating that they seized approximately

$50,000 from the properties.  Appellants allege, however, that the officers actually seized $151,380 in cash and another $125,000 in rare coins.  Appellants claim that the City Officers stole the difference between the amount listed on the inventory sheet and the amount that was actually seized from the properties.

Appellants brought suit in the Eastern District of California alleging, among other things, claims against the City Officers pursuant to 42 U.S.C. § 1983 for Fourth and Fourteenth Amendment violations.  The City Officers moved for summary judgment on the basis of qualified immunity.  The district court granted the motion and dismissed all of Appellants' claims.

## JURISDICTION AND STANDARD OF REVIEW

We have jurisdiction pursuant to 28 U.S.C. § 1291.  We review summary judgment determinations, and officers' entitlement to qualified immunity, *de novo*.  *Glenn v. Washington County*, 673 F.3d 864, 870 (9th Cir. 2011).

## ANALYSIS

"The doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'"  *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)).  "In determining whether an officer is entitled to qualified immunity, we consider (1) whether there has been a violation of a constitutional right; and (2) whether that right was clearly established at the time of the officer's alleged misconduct."  *Lal v. California*, 746 F.3d 1112, 1116 (9th Cir. 2014).

## I.   Fourth Amendment

The parties dispute whether the City Officers' actions violated the Fourth Amendment.  The City Officers insist that because they seized Appellants' assets pursuant to a valid warrant, there was no Fourth Amendment violation.  Appellants, on the other hand, argue that the City Officers' alleged theft was an unreasonable seizure that violated the Fourth Amendment.

We need not address the merits of the Fourth Amendment claim.  Although courts were formerly required to determine whether plaintiffs had been deprived of a constitutional right before proceeding to consider whether that right was clearly established when the alleged violation occurred, *see Saucier v. Katz*, 533 U.S. 194, 201 (2001), that requirement has been eliminated.  The Supreme Court has instructed that courts have the discretion to determine which prong of qualified immunity should be analyzed first. *Pearson*, 555 U.S. at 236.  Indeed, the Court has urged us to "think carefully before expending 'scarce judicial resources' to resolve difficult and novel questions of constitutional or statutory interpretation that will 'have no effect on the outcome of the case.'"  *Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011) (quoting *Pearson*, 555 U.S. at 236–37).  Addressing the second prong before the first is especially appropriate, therefore, where "a court will rather quickly and easily decide that there was no violation of clearly established law."  *Pearson*, 555 U.S. at 239.  This is one of those cases.

To determine whether a defendant violated an individual's clearly established rights, we must determine "'whether the state of the law' at the time of an incident provided 'fair warning'" to the defendant that his or her conduct was unconstitutional.  *Tolan v. Cotton*, 572 U.S.

650, 656 (2014) (quoting *Hope v. Pelzer*, 536 U.S. 730, 741 (2002)).  "We do not require a case directly on point, but existing precedent must have placed the statutory or constitutional question beyond debate." *al-Kidd*, 563 U.S. at 741.  Thus, "[t]he contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton*, 483 U.S. 635, 640 (1987).  "[W]e may look at unpublished decisions and the law of other circuits, in addition to Ninth Circuit precedent." *Prison Legal News v. Lehman*, 397 F.3d 692, 702 (9th Cir. 2005).

We have never before addressed whether the theft of property covered by the terms of a search warrant and seized pursuant to that warrant violates the Fourth Amendment.  At the time of the incident, the five circuits that had addressed that question, or the similar question of whether the government's refusal to return lawfully seized property violates the Fourth Amendment, had reached different results.  *Compare Case v. Eslinger*, 555 F.3d 1317, 1330 (11th Cir. 2009), *Lee v. City of Chicago*, 330 F.3d 456, 460–66 (7th Cir. 2003), *Fox v. Van Oosterum*, 176 F.3d 342, 349–51 (6th Cir. 1999), *and United States v. Jakobetz*, 955 F.2d 786, 802 (2d Cir. 1992), *with Mom's Inc. v. Willman*, 109 F. App'x 629, 636–37 (4th Cir. 2004).

The Second, Sixth, Seventh, and Eleventh Circuits have held that the government's failure to return property seized pursuant to a warrant does not violate the Fourth Amendment.  Some of these courts have reasoned that because "the word 'seizure' [has been] defined as a temporally limited act," the Fourth Amendment provides protection only against the initial taking of property, not its continued retention.  *Lee*, 330 F.3d at 462; *accord Fox*, 176 F.3d at 351 ("[T]he Fourth Amendment protects an

individual's interest in retaining possession of property but not the interest in regaining possession of property."). Others have said that the failure to return seized property to its owner does not implicate the underlying rationales of the Fourth Amendment. *Jakobetz*, 955 F.2d at 802.

The Fourth Circuit, on the other hand, has held that federal agents violate the Fourth Amendment when they steal property that is seized during the execution of a search warrant. *Mom's Inc.*, 109 F. App'x at 637. The court relied on the Supreme Court's decision in *United States v. Place*, 462 U.S. 696, 706 (1983), and reasoned that the Fourth Amendment "regulates all [] interference" with an individual's possessory interests in property, "not merely the initial acquisition of possession." *Id.* Thus, because the agents' theft of the plaintiff's watch interfered with the plaintiff's interest in it, "such theft violates the Fourth Amendment." *Id.*

The absence of "any cases of controlling authority" or a "consensus of cases of persuasive authority" on the constitutional question compels the conclusion that the law was not clearly established at the time of the incident. *Wilson v. Layne*, 526 U.S. 603, 617 (1999). Although the City Officers ought to have recognized that the alleged theft of Appellants' money and rare coins would be improper, they did not have clear notice that it violated the Fourth Amendment.

Nor is this "one of those rare cases in which the constitutional right at issue is defined by a standard that is so 'obvious' that we must conclude . . . that qualified immunity is inapplicable, even without a case directly on point." *A.D. v. Cal. Highway Patrol*, 712 F.3d 446, 455 (9th Cir. 2013). The allegation of any theft by police officers—most certainly the theft of over $225,000—is undoubtedly deeply

disturbing. Whether that conduct violates the Fourth Amendment's prohibition on unreasonable searches and seizures, however, is not obvious. The split in authority on the issue leads us to conclude so. *See Wilson*, 526 U.S. at 618 (where "judges [] disagree on a constitutional question, it is unfair to subject police to money damages for picking the losing side of the controversy").

In the absence of binding authority or a consensus of persuasive authority on the issue, Appellants have failed to demonstrate that it was clearly established that the City Officers' alleged conduct violated the Fourth Amendment. Accordingly, we hold that the City Officers are protected by qualified immunity against Appellants' Fourth Amendment claim.

## II. Fourteenth Amendment

Appellants' Fourteenth Amendment claim suffers the same fate. Appellants argue that the City Officers' theft of their property violated their substantive due process rights under the Fourteenth Amendment. Assuming that to be true, however, the City Officers are entitled to qualified immunity because that right was not clearly established. We have not held that officers violate the substantive due process clause of the Fourteenth Amendment when they steal property that is seized pursuant to a warrant. The Seventh Circuit is the only circuit that has addressed the related question of whether the government's refusal to return lawfully seized property to its owner violates the Fourteenth Amendment; it held that the substantive due process clause does not provide relief against such conduct. *See Lee*, 330 F.3d at 466–68. Because the City Officers could not have known that their actions violated the Fourteenth Amendment's substantive due process clause, they are entitled to qualified immunity against Appellants' Fourteenth Amendment claim.

**CONCLUSION**

We sympathize with Appellants.  They allege the theft of their personal property by police officers sworn to uphold the law.  Appellants may very well have other means through which they may seek relief.[1]  But not all conduct that is improper or morally wrong violates the Constitution. Because Appellants did not have a clearly established Fourth or Fourteenth Amendment right to be free from the theft of property seized pursuant to a warrant, the City Officers are entitled to qualified immunity.

**AFFIRMED**.

---

[1] Indeed, the district court noted in its Order Granting Defendants' Motion for Summary Judgment that Appellants "had access to an adequate post-deprivation remedy under California tort law."