**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 15 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| EDDIE TATE, | No. 20-35271 |
| Plaintiff-Appellant, | D.C. No. 2:18-cv-00141-RSL |
| v. | MEMORANDUM* |
| TRE SMITH; et al., | |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
Robert S. Lasnik, District Judge, Presiding

Submitted December 11, 2020**
Seattle, Washington

Before: McKEOWN, HUNSAKER, and BUMATAY, Circuit Judges.

Eddie Tate appeals the district court's grant of summary judgment in favor

of the officers in his action under 42 U.S.C. § 1983 and state tort and

discrimination law. The parties are familiar with the facts, so we do not repeat

them here. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

We review *de novo* the district court's grant of summary judgment, *Albino v. Baca*, 747 F.3d 1162, 1168 (9th Cir. 2014) (en banc), and view the evidence in the light most favorable to the non-moving party. *Id.*

Tate argues that Officer Hilton lacked the requisite reasonable suspicion to warrant Tate's detention under *Terry v. Ohio*, 392 U.S. 1 (1968), thereby violating the Fourth Amendment's protection against unlawful seizures. *See Ornelas v. United States*, 517 U.S. 690, 693 (1996). This is not so: considering the totality of the circumstances, Officer Hilton had specific, objective, and articulable facts that supported his suspicion that the persons in the golden sedan were engaged, or had been engaged, in criminal activity. *See Navarette v. California*, 572 U.S. 393, 397 (2014); *Liberal v. Estrada*, 632 F.3d 1064, 1077 (9th Cir. 2011). Namely, Officer Hilton encountered Tate's car within minutes of the second 911 dispatch call, approximately three blocks away from the location the victim had last seen the suspect's car, facing the direction the suspect had last been seen driving, carrying a number of passengers that approximated the number of suspects reported, at a time of day when there were relatively few cars in the area, and in a car the color and style described by the victim.[1]

---

[1] Under *Singleton v. Wulff*, 428 U.S. 106, 120 (1976), we decline to address Tate's arrest and probable cause arguments because "a federal appellate court does not consider an issue not passed upon below."

Tate's excessive force claim under the Fourth and Fourteenth Amendments likewise fail. We acknowledge that summary judgment in excessive force cases "should be granted sparingly." *Smith v. City of Hemet*, 394 F.3d 689, 701 (9th Cir. 2005). Viewing the evidence in the light most favorable to Tate, we assume that the officers were pointing their guns at him and did not have them only in the low-ready position. Nonetheless, we conclude that the amount of force the officers used in pointing their weapons at Tate and attempting to handcuff him was "objectively reasonable under the circumstances," namely, during a high-risk felony stop. *See Cortesluna v. Leon*, 979 F.3d 645, 652 (9th Cir. 2020). We also note that any factual disputes are not material and no reasonable jury would return a verdict in Tate's favor. S*ee S. Cal. Darts Ass'n v. Zaffina*, 762 F.3d 921, 925 (9th Cir. 2014) ("An issue of fact is material if it might affect the outcome of the suit under the governing law.") (internal quotations omitted).

Absent a constitutional violation, summary judgement was appropriate. We also agree with the district court that even assuming such a violation, Officers Hilton and Smith are entitled to qualified immunity because Tate has not identified case law or otherwise shown that there was a "clearly established" right of which a reasonable person would have known. *Jessop v. City of Fresno*, 936 F.3d 937, 940 (9th Cir. 2019).

Additionally, because Officer Hilton had the requisite reasonable suspicion

to conduct the *Terry* stop, his conduct was not outrageous, which defeats Tate's tort of outrage claim. The assault claim tracks the excessive force rationale and is likewise defeated. *See also McKinney v. City of Tukwila*, 103 Wash. App. 391, 408–409 (2000) (finding that the touching that occurred when police stopped a car with weapons drawn, ordered occupants to lay on the ground, handcuffed and frisked them, was not assault because the touching was lawful). Similarly, we conclude that no jury would return a verdict for Tate on his state negligence claim. *See S. Cal. Darts Ass'n*, 762 F.3d at 925. Tate's claim under the Washington Law Against Discrimination, Wash. Rev. Code § 49.60.215, fails because he has not shown any unequal treatment that was motivated by race. *McKinney*, 103 Wash. App. at 411.

**AFFIRMED.**