**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 17 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TIM GOMES; CATHERINE GOMES, | No. 20-16799 |
| Plaintiffs-Appellants, | D.C. No. 5:18-cv-04191-EJD |
| v. | |
| SANTA CLARA COUNTY, | MEMORANDUM* |
| Defendant-Appellee, | |
| and | |
| ROSHANDA BURNS; et al., | |
| Defendants. | |

Appeal from the United States District Court
for the Northern District of California
Edward J. Davila, District Judge, Presiding

Submitted June 15, 2021**
San Francisco, California

Before: THOMAS, Chief Judge, and BRESS and BUMATAY, Circuit Judges.

Tim and Catherine Gomes appeal the district court's grant of summary

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

judgment for Santa Clara County and Bob Beck, a supervisory social worker with the County's Department of Family and Children's Services ("DFCS"). The Gomeses' suit claimed the warrantless removal of their child, H.G., violated the Fourteenth Amendment.[1] We review a district court's grant of summary judgment, including for qualified immunity, de novo. *Torres v. Cty. of Madera*, 648 F.3d 1119, 1123 (9th Cir. 2011); *Benavidez v. Cnty. of San Diego*, 993 F.3d 1134, 1141 (9th Cir. 2021).

1. The district court correctly held that Beck is entitled to qualified immunity for his role in removing H.G. without a warrant. Qualified immunity "shields federal and state officials from money damages unless a plaintiff pleads facts showing (1) that the official violated a statutory or constitutional right, and (2) that the right was clearly established at the time of the challenged conduct." *Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011) (simplified). To be "clearly established, a right must be sufficiently clear that every reasonable official would have understood that what he is doing violates that right." *Reichle v. Howards*, 566 U.S. 658, 664 (2012) (simplified).

---

[1] On appeal, the Gomeses challenge only the district court's grant of summary judgment on their Fourteenth Amendment claims (Claims 5, 7, 8, and 14) against the County and Beck for their warrantless removal of H.G. The Gomeses dismissed their constitutional claims against defendant Michael Shaheed below, and they do not raise any arguments related to the other three individual Defendants—Sarah Arana, Rashonda Burns, and Linda Hsiao.

The Fourteenth Amendment protects "the parent-child relationship from unwanted interference by the state." *Kirkpatrick v. Cnty. of Washoe*, 843 F.3d 784, 788 (9th Cir. 2016). Social workers may not remove children from their parents "absent a warrant or exigent circumstances." *Id.* at 791 (simplified). Exigent circumstances exist when "[s]erious allegations of abuse that have been investigated and corroborated" support "a reasonable inference of imminent danger" that the child "might again be [abused] during the time it would take to get a warrant." *Rogers v. Cnty. of San Joaquin*, 487 F.3d 1288, 1294–95 (9th Cir. 2007) (simplified).

Here, hospital staff alerted DFCS and Beck to the Gomeses' mistreatment of H.G., including specific instances that cast into doubt whether the days-old infant would be fed properly, kept warm, and protected from physical harm. For example, the hospital reported that Tim had picked H.G. up by the neck and dangled her body, both parents had repeatedly left H.G. unswaddled to the point where her body temperature dropped, and both parents neglected to change H.G.'s diapers or feed her when needed. Social worker Katherine DiPaulo independently confirmed these accounts. Then, most importantly, the hospital alerted DFCS and Beck that H.G. would be discharged to her parents "momentarily." Beck was understandably concerned about how the Gomeses would care for H.G. outside the hospital staff's supervision. On these facts, Beck could reasonably believe that the child would face

3

an immediate risk of physical harm before he could successfully secure a warrant. *See Rogers*, 487 F.3d at 1294–95.

None of the precedents cited by the Gomeses establish that "the state of the law at the time of [the] incident provided fair warning to [Beck] that [his] conduct was unconstitutional." *Jessop v. Cty. of Fresno*, 936 F.3d 937, 940 (9th Cir. 2019) (simplified); *see Kirkpatrick*, 843 F.3d at 793 (holding that it must be "beyond debate that the confluence of factors [in the present case] would not support a finding of exigency"). Those cases are materially distinguishable from this case because they do not involve the immediate risk of harm H.G. faced. *See id.* at 792 (hospital placed a "hold" preventing the child from being released to her mother); *Rogers*, 487 F.3d at 1296 (social worker delayed acting for eighteen days after learning of neglect, and agency "classified the case as a ten-day response"); *Mabe v. San Bernardino Cnty., Dep't of Pub. Soc. Servs.*, 237 F.3d 1101, 1105, 1108 (9th Cir. 2001) (social worker delayed one month after initial report and four days after interview confirming abuse before acting); *Wallis v. Spencer*, 202 F.3d 1126, 1131–32, 1134, 1138–40 (9th Cir. 2000) (social workers removed child based on uncorroborated report of an impending Satanic sacrifice by an estranged relative with a history of "delusional disorders"); *Ram v. Rubin*, 118 F.3d 1306, 1311 (9th Cir. 1997) (social workers "acted on two-year-old allegations" with no change in circumstances).

4

The facts of this case, viewed in the light most favorable to the Gomeses, *O'Doan v. Sanford*, 991 F.3d 1027, 1032 (9th Cir. 2021), support a reasonable belief that H.G. faced an immediate risk of physical harm before Beck could obtain a warrant. And no "clearly established" prior case law would have led a "reasonable official" to have understood "that what he [was] doing violate[d the Constitution]" under the circumstances presented by the record. *al-Kidd*, 563 U.S. at 741 (simplified). We therefore do not reach the first prong of the qualified immunity inquiry, *see Reichle*, 566 U.S. at 664, and affirm the district court's summary judgment for Beck on qualified immunity grounds on Claims 5 and 7.

2. We do not reach the Gomeses' *Monell* claims against the County because the Gomeses waived these claims by not raising them in their opening brief. *See Young v. State*, 992 F.3d 765, 780 (9th Cir. 2021) ("We do not ordinarily consider matters on appeal that are not specifically and distinctly raised and argued in appellant's opening brief.") (simplified). Aside from sparse references to the County's allegedly inadequate training for its social workers in its statement of facts, the opening brief never invokes *Monell* and fails to develop any arguments to support this generalized criticism. *See Greenwood v. F.A.A.*, 28 F.3d 971, 977 (9th Cir. 1994). We accordingly affirm the district court's grant of summary judgment for the County on the Gomeses' *Monell* claims (Claims 8 and 14).

**AFFIRMED.**

5