NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 21 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SAMUEL ARMSTRONG, | No. 21-55060 |
| Plaintiff-Appellant, | D.C. No. 2:20-cv-03745-GW-AS |
| v. | |
| GAVIN NEWSOM; DOES, 1 through 50, in their individual capacities, Inclusive, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
George H. Wu, District Judge, Presiding

Submitted December 10, 2021**
Pasadena, California

Before:  M. SMITH, LEE, and FORREST, Circuit Judges.

At issue in this appeal is California Governor Gavin Newsom's Executive

Order N-33-20, issued on March 19, 2020, which ordered Californians to "stay

home" to prevent the spread of COVID-19.  Californian Samuel Armstrong seeks

---

*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**        The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

monetary damages from the Governor for alleged violations of the Due Process

Clause of the Fourteenth Amendment pursuant to 42 U.S.C § 1983. Armstrong's

claims are barred by qualified immunity because the Governor did not violate

clearly established law. We affirm the district court's dismissal of all claims.

Qualified immunity protects the Governor from suit for monetary damages

when his "conduct does not violate clearly established statutory or constitutional

rights of which a reasonable person would have known." *Nicholson v. City of Los

Angeles*, 935 F.3d 685, 690 (9th Cir. 2019) (quotation and citation omitted). When

an official raises qualified immunity, we ask: "(1) whether there has been a

violation of a constitutional right; and (2) whether that right was clearly established

at the time of the [official]'s alleged misconduct." *Jessop v. City of Fresno*, 936

F.3d 937, 940 (9th Cir. 2019) (quoting *Lal v. California*, 746 F.3d 1112, 1116 (9th

Cir. 2014)). We can decide which prong to consider first, and here we begin on the

second prong of the analysis. *Pearson v. Callahan*, 555 U.S. 223, 236 (2009).

The stay-at-home order did not violate clearly established law. Armstrong

does not cite a single case that supports that the March 2020 order violated his due

process rights (or that it violated any Constitutional provision or statute) and, at the

time, there was no Ninth Circuit or Supreme Court precedent instructing the

Governor that he could not issue the order. In March 2020, *Jacobson v.

Massachusetts* was the law on the authority of governments in public health

2

emergencies, and the order meets the requirements of that case. 197 U.S. 11, 31 (1905). The order had a real or substantial relation to protecting public health and was not "beyond all question, a plain, palpable invasion of rights secured by the fundamental law." *Id.* at 31. Requiring Californians to stay at home was clearly related to the order's stated purpose of "bend[ing] the curve, and disrupt[ing] the spread of the virus." Later cases that call into question some aspects of *Jacobson* were not decided when the Governor issued the March 2020 order. *See, e.g., Roman Cath. Diocese of Brooklyn v. Cuomo*, 141 S. Ct. 63, 66 (2020). The Governor had no reason to believe his actions were unconstitutional and, therefore, he is immune from personal liability.

Armstrong also does not plead a valid vagueness claim. Newsom's order gave a "person of ordinary intelligence a reasonable opportunity to know what is prohibited." *Edge v. City of Everett*, 929 F.3d 657, 664–65 (9th Cir. 2019) (quoting *Grayned v. City of Rockford*, 408 U.S. 104, 108 (1972)).

We do not address the question of mootness because Armstrong abandoned his claims for equitable relief. Mootness, therefore, is not at issue in this appeal.

Armstrong also challenges the district court's consideration of facts outside of those alleged in the complaint. The Governor submitted a request for judicial notice to the district court with his motion to dismiss the Third Amended Complaint. A court is permitted to take judicial notice of matters of public record

3

if they are generally known within the jurisdiction or can be accurately and readily determined from a source whose accuracy cannot be questioned. *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006); Fed. R. Evid. 201(b). The information at issue was subject to judicial notice.

**AFFIRMED.**