**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JOHN FILLER and LESLIE FILLER,

Plaintiff-Appellants,

v.

MIREN M. UNSWORTH, ET AL.,

Defendant-Appellees.

No.   22-35719

D.C. No. 1:21-cv-00391-DCN

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Idaho
David C. Nye, District Judge, Presiding

Argued and Submitted October 16, 2023
Portland, Oregon

Before:  KOH and SUNG, Circuit Judges, and EZRA,[**] District Judge.

Appellants John Filler and Leslie Filler ("the Fillers" or "Appellants")

appeal the district court's decision to grant quasi-judicial immunity to the

individual Appellees.  We have jurisdiction pursuant to 28 U.S.C. § 1291, and we

review the district court's dismissal of Appellants' complaint for failure to state a

---

        [*]        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

        [**]        The Honorable David A. Ezra, United States District Judge for the
District of Hawaii, sitting by designation.

claim under Rule 12(b)(6) *de novo*.  *Prodanova v. H.C. Wainwright & Co.,* 993 F.3d 1097, 1105 (9th Cir.  2021) (citing *Lipton v. Pathogenesis Corp.*, 284 F.3d 1027, 1035 (9th Cir. 2002)).  For the reasons stated below, we affirm.

1.      The Fillers contend the district court erred in finding their due process rights were not clearly established and Appellees were entitled to qualified immunity.

In determining whether an officer is entitled to qualified immunity, this Court considers "(1) whether there has been a violation of a constitutional right; and (2) whether that right was clearly established at the time of the officer's alleged misconduct." *Jessop v. City of Fresno*, 936 F.3d 937, 940 (9th Cir. 2019) (quoting *Lal v. California*, 746 F.3d 1112, 1116 (9th Cir. 2014)).  The parties do not dispute that the Fillers' constitutional rights were violated.  The only question is whether the right was clearly established at the time of the alleged misconduct. *Id.*

Appellants argue their constitutional right was clearly established because a state court decision effectively found that the Department's procedures for placing individuals on the Central Registry was unconstitutional four months before the Department placed the Fillers on the Central Registry using that procedure.

There are two issues with Appellants' argument.  There are no allegations in the record that any of the Defendants knew of or were parties to the state court case.  More importantly, however, the state court decision by itself cannot create

"clearly established" federal law. *See Evans v. Skolnik*, 997 F.3d 1060, 1066–67 (9th Cir. 2021) (collecting cases in which intermediate state court decisions were insufficient to settle constitutional standards). The state court decision here—which was not even an intermediate-level court—alone did not clearly establish the Appellants' constitutional right.

This Court has also held that "'an officer who acts in reliance on a duly-enacted statute . . . is ordinarily entitled to qualified immunity[,]' which is lost only if it is 'so obviously unconstitutional as to require a reasonable officer to refuse to enforce it.'" *Humphries v. Cnty. of Los Angeles,* 554 F. 3d 1170, 1202 (9th Cir. 2008), *as amended* (Jan. 30, 2009), *rev'd in part on other grounds*, 562 U.S. 29 (2010) (quoting *Grossman v. City of Portland*, 33 F.3d 1200, 1209–10 (9th Cir. 1994)).

We agree with the district court that the policy here was not so obviously unconstitutional as to suggest to Appellees that they should not abide by the state law provisions. Furthermore, the district court had to apply a complicated procedural due process balancing test to decide this case. It would be unreasonable to expect Appellees to correctly apply this test and determine that they should not comply with the state policy. Because the right was not clearly established, the district court properly found that Appellees are entitled to qualified immunity.

2.      As we need not address the constitutionality of the underlying state policy to

3

decide this case, we do not reach this issue. Appellants did not file a suit seeking to declare the Idaho policy facially unconstitutional. We find it inappropriate to weigh in on the constitutional violation given this procedural posture. *See, e.g., Evans*, 997 F.3d at 1066 (quoting *Camreta v. Greene*, 563 U.S. 692, 707 (2011)) ("[C]ourts should think hard, and then think again, before turning small cases into large ones by resolving a constitutional question despite the plaintiff's inability to establish a violation of a clearly established right.") (cleaned up). Moreover, because the Fillers did not ask for a broad constitutional ruling, the parties have not adequately addressed some of the underlying case law on this matter.

The record does not make it precisely clear what the constitutional deficiencies are in the policy. For example, the record does not establish how public or private the Central Registry is—a critical question under *Endy v. City of Los Angeles*, 975 F.3d 757 (9th Cir. 2020), which held that the "stigma-plus" test is not satisfied where the registry is (1) not available to the public and (2) states that a complaint is "unfounded."

The Department has shown that they will continue to enforce the current policy unless it is ruled on by a circuit court, the state supreme court, or the Supreme Court. Despite concerns about potential due process violations, for the above reasons, we find it inappropriate to rule on the constitutionality of the policy here.

4

**AFFIRMED.**