**NOT FOR PUBLICATION**

**FILED**

**UNITED STATES COURT OF APPEALS**

APR 11 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| OLEG VARLITSKIY, an individual, | No. 23-55426 |
| Plaintiff-Appellant, | D.C. No. 5:19-cv-02099-JGB-SP |
| v. | |
| MANNY CAMPOS, an individual; et al., | MEMORANDUM[*] |
| Defendants-Appellees, | |
| and | |
| COUNTY OF RIVERSIDE, a public entity. | |
| Defendants. | |

Appeal from the United States District Court
for the Central District of California
Jesus G. Bernal, District Judge, Presiding

Argued and Submitted March 28, 2024
Pasadena, California

Before: RAWLINSON, LEE, and BRESS, Circuit Judges.

Oleg Varlitskiy appeals the district court's decisions granting summary

judgment to the defendants on his 42 U.S.C. § 1983 claims and denying his request

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

to conduct additional expert discovery. We have jurisdiction under 28 U.S.C. § 1291. We review the district court's summary judgment rulings de novo, *Lowry v. City of San Diego*, 858 F.3d 1248, 1254 (9th Cir. 2017) (en banc), and its denial of additional discovery for abuse of discretion. *Tatum v. City and Cnty. of S.F.*, 441 F.3d 1090, 1100 (9th Cir. 2006). We affirm.

1. The district court properly granted summary judgment to the SWAT defendants on qualified immunity grounds. "To determine whether the officers are entitled to qualified immunity, 'we consider (1) whether there has been a violation of a constitutional right; and (2) whether that right was clearly established at the time of the officer's alleged misconduct.'" *O'Doan v. Sanford*, 991 F.3d 1027, 1036 (9th Cir. 2021) (quoting *Jessop v. City of Fresno*, 936 F.3d 937, 940 (9th Cir. 2019)). While excessive destruction of property in the execution of a valid search can violate the Fourth Amendment, we apply a test of reasonableness to evaluate the officers' conduct. *See San Jose Charter of Hells Angels Motorcycle Club v. City of San Jose*, 402 F.3d 962, 971 (9th Cir. 2005). This "requires us to balance 'the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake.'" *United States v. Ankeny*, 502 F.3d 829, 836 (9th Cir. 2007), *as amended* (quoting *Graham v. Connor*, 490 U.S. 386, 396 (1989)).

In this case, police officers identified the plaintiff's son as the suspect in a

string of armed robberies and witnessed him at the plaintiff's house—a situation which evolved beyond simply executing the search warrant. Although the SWAT officers destroyed portions of plaintiff's property during the siege, given the potential threat the SWAT officers faced in executing the search warrant, the countervailing governmental interests at stake justified these actions. *See West v. City of Caldwell*, 931 F.3d 978, 986–87 (9th Cir. 2019) (holding that officers who thought they had permission to enter the home did not use excessive force in deploying tear gas and other destructive tactics).

Plaintiff argues that officers acted excessively because their purpose was to arrest the plaintiff's son and they lacked an arrest warrant, but no clearly established law precluded the officers in this situation from ensuring that the home was safe for their entry during the execution of a valid search warrant. Further, we have held that officers "need not avail themselves of the least intrusive means" in scenarios such as the one before us, so long as officers "act within that range of conduct we identify as reasonable." *Scott v. Henrich*, 39 F.3d 912, 915 (9th Cir. 1994), *as amended*. Nor did the SWAT defendants engage in "unnecessarily destructive behavior." *Hells Angels*, 402 F.3d at 971 (quoting *Liston v. Cnty. of Riverside*, 120 F.3d 965, 979 (9th Cir. 1997)).

In addition, the district court correctly determined that the plaintiff failed to demonstrate a genuine dispute of material fact whether the SWAT defendants'

actions caused the fire in the home. The defendants produced evidence that the use of tear gas with burn safe devices mitigates fire risk, that the pyrotechnic gas cylinders reach room temperatures no more than ten minutes after discharge, and that the fire began after a lengthy delay from the last gas deployment. Given this evidence, as well as evidence suggesting that plaintiff's son may have been responsible for the fire, plaintiff has not carried his burden of "present[ing] affirmative evidence in order to defeat a properly supported motion for summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986).

Finally, no clearly established law supports plaintiff's contention that the SWAT defendants' use of tear gas was so excessive as to violate the Fourth Amendment. *See West*, 931 F.3d at 986.

2. The district court properly granted summary judgment to the deputy defendants. The deputy defendants would be entitled to qualified immunity for the same reasons as the SWAT defendants, as set forth above. Additionally, the deputies cannot be held liable as integral participants in the alleged violations. *See Nicholson v. City of L.A.*, 935 F.3d 685, 691–92 (9th Cir. 2019). We do not view the deputies' actions to "ha[ve] 'some fundamental involvement in the conduct that allegedly caused the violation.'" *Id.* at 691 (quoting *Blankenhorn v. City of Orange*, 485 F.3d 463, 481 n.12 (9th Cir. 2007)). Once SWAT arrived, the deputies did not participate in the operation in "any meaningful way," nor did they have such knowledge of

4

SWAT's decisions as would create liability on this theory. *See Boyd v. Benton Cnty.*, 374 F.3d 773, 780 (9th Cir. 2004).

In addition, the deputies' failure to intervene is not grounds for liability when plaintiff has failed to show that the officers were involved in the SWAT operation such that they had an opportunity to intervene. *See Hughes v. Rodriguez*, 31 F.4th 1211, 1223 (9th Cir. 2022). Nor did deputies have supervisory authority over SWAT. *See Rodriguez v. Cnty. of L.A.*, 891 F.3d 776, 798 (9th Cir. 2018) (finding supervisory liability where officers "concede[d] that they were personally present and directed the deputies' use of force").

3. The district court did not abuse its discretion in denying plaintiff's request to conduct additional expert discovery. By not demonstrating how the requested discovery would alter the qualified immunity analysis, the plaintiff has not "show[n] how allowing additional discovery would have precluded summary judgment." *Panatronic USA v. AT&T Corp.*, 287 F.3d 840, 846 (9th Cir. 2002) (quoting *Chance v. Pac-Tel Teletrac Inc.*, 242 F.3d 1151, 1161 n.6 (9th Cir. 2001)). Nor does the plaintiff explain why additional expert discovery, rather than the additional fact discovery the district court allowed, was necessary to develop his response to the summary judgment motions.

**AFFIRMED.**