**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

LAMYA BREWSTER, individually and as class representative,
*Plaintiff-Appellant*,

v.

CHARLIE BECK, Chief, individual and official capacity; CITY OF LOS ANGELES, a municipal corporation; CITY OF LOS ANGELES POLICE DEPARTMENT, a public entity,
*Defendants-Appellees.*

No. 15-55479

D.C. No.
5:14-cv-02257-JGB-SP

OPINION

Appeal from the United States District Court
for the Central District of California
Jesus G. Bernal, District Judge, Presiding

Argued and Submitted January 12, 2017
Pasadena, California

Filed June 21, 2017

Before: Alex Kozinski, M. Margaret McKeown
and Paul J. Watford, Circuit Judges.

Opinion by Judge Kozinski

## SUMMARY[*]

### Civil Rights

The panel reversed the district court's dismissal of an action brought under 42 U.S.C. § 1983 alleging that Los Angeles police officers violated plaintiff's Fourth Amendment rights when they impounded her vehicle for 30 days pursuant to California Vehicle Code section 14602.6(a)(1), which authorizes impounding a vehicle when the driver has a suspended license.

Plaintiff loaned her vehicle to her brother-in-law, who was stopped by police officers and discovered to be driving without a license. When plaintiff, who had a valid driver's license, attempted to recover her vehicle, the Los Angeles Police Department refused to release the vehicle before the 30-day holding period had elapsed.

The panel held that the 30-day impound of plaintiff's vehicle constituted a seizure that required compliance with the Fourth Amendment. The panel held that the exigency that justified the initial seizure vanished once the vehicle arrived in impound and plaintiff showed up with proof of ownership and a valid driver's license. The panel concluded that appellees provided no justification for the continued impound of plaintiff's vehicle.

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

## COUNSEL

Donald W. Cook (argued), Los Angeles, California; Barrett S. Litt, Kaye McLane Bednarski & Litt, Pasadena, California; Paul Hoffman and Catherine Sweetser, Schonbrun De Simone Seplow Harris & Hoffman LLP, Venice, California; for Plaintiff-Appellant.

Gabriel S. Dermer (argued) and Adena M. Hopenstand, Deputy City Attorneys; Ronald S. Whitaker, Assistant City Attorney; Michael N. Feuer, City Attorney; Office of the City Attorney, Los Angeles, California; for Defendants-Appellees.

## OPINION

KOZINSKI, Circuit Judge:

We consider whether a 30-day impound of a vehicle is a "seizure" requiring compliance with the Fourth Amendment.

### BACKGROUND

Lamya Brewster loaned her vehicle to Yonnie Percy, her brother-in-law. Percy was stopped by Los Angeles Police Department (LAPD) officers who learned that Percy's driver's license was suspended. The officers then seized the vehicle under California Vehicle Code section 14602.6(a)(1), which authorizes impounding a vehicle when the driver has a suspended license. Vehicles seized under this section must generally be held in impound for 30 days. Cal. Veh. Code. § 14602.6(a)(1).

Three days later, Brewster appeared at a hearing before the LAPD with proof that she was the registered owner of the vehicle and her valid California driver's license. Brewster offered to pay all towing and storage fees that had accrued, but the LAPD refused to release the vehicle before the 30-day holding period had lapsed.[1]

Brewster filed a class action lawsuit under 42 U.S.C. § 1983 on behalf of all vehicle owners whose vehicles were subjected to the 30-day impound. The complaint alleges that the 30-day impound is a warrantless seizure that violates the Fourth Amendment. The district court concluded that the 30-day impound is a valid administrative penalty and granted appellees' motion to dismiss.

## DISCUSSION

Section 14602.6(a)(1) of the California Vehicle Code authorizes police to seize a vehicle when the driver's license has been suspended. "A vehicle so impounded shall be impounded for 30 days." *Id.* Within two business days of impoundment, the agency that seizes the vehicle must notify the vehicle's owner and provide an "opportunity for a storage hearing to determine the validity of, or consider any mitigating circumstances attendant to, the storage." *Id.* § 14602.6(a)(2), (b). The LAPD's "Impound Policy" mirrors section 14602.6.

---

[1] Ten days after the impound, the LAPD released the vehicle to Superior Auto, the lien holder and legal owner of the vehicle. But, under LAPD policy, Superior Auto had to "ensure that no one, including the registered owner . . . will have access to the . . . vehicle during the remainder of the 30-day impoundment period." Accordingly, Brewster was deprived of her vehicle for the full 30 days.

The district court found that "the thirty-day impoundment period—designed to deter unlicensed drivers or drivers with a suspended license from driving—is an administrative penalty, and thus not unconstitutional under the Fourth Amendment." But this is the wrong inquiry. Whether the seizure is a valid penalty or forfeiture under the Fifth and Fourteenth Amendments is an interesting question but not one that is raised in this case. Plaintiff claims only that the 30-day impound violates the Fourth Amendment.[2]

The Fourth Amendment protects against unreasonable searches and seizures. U.S. Const. amend. IV. A seizure is a "meaningful interference with an individual's possessory interests in [his] property." *Soldal* v. *Cook County*, 506 U.S. 56, 61 (1992) (internal quotation marks and citation omitted). "A seizure conducted without a warrant is *per se* unreasonable under the Fourth Amendment—subject only to a few specifically established and well delineated exceptions." *United States* v. *Hawkins*, 249 F.3d 867, 872 (9th Cir. 2001) (internal quotation marks and citation omitted).

It's well established that "a seizure lawful at its inception can nevertheless violate the Fourth Amendment because its manner of execution unreasonably infringes possessory interests." *United States* v. *Jacobsen*, 466 U.S. 109, 124 & n.25 (1984) (citing *United States* v. *Place*, 462 U.S. 696,

---

[2] We express no view as to whether the 30-day impound is a valid administrative penalty under the Fifth and Fourteenth Amendments. *See Lee* v. *City of Chicago*, 330 F.3d 456, 474 (7th Cir. 2003) (Wood, J., concurring) (suggesting that a prolonged impound of a vehicle may be an unconstitutional taking under the Fifth Amendment). On remand, Brewster shall be given leave to amend the complaint to include any additional claims she may choose to bring.

707–10 (1983)). For example, in *United States* v. *Dass*, officers validly seized packages that they suspected contained marijuana. 849 F.2d 414, 414–15 (9th Cir. 1988). But we held that the *length* of the warrantless seizures—in that case, between seven to twenty-three days—violated the Fourth Amendment. *Id.*

The parties agree that the LAPD could impound—and, therefore, seize—Brewster's vehicle under section 14602.6(a)(1) pursuant to the community caretaking exception to the Fourth Amendment. *See United States* v. *Cervantes*, 703 F.3d 1135, 1141 (9th Cir. 2012) (discussing the community caretaking exception). But this exception is available only to "impound vehicles that jeopardize public safety and the efficient movement of vehicular traffic." *Id.* (internal quotation marks and citation omitted). The exigency that justified the seizure vanished once the vehicle arrived in impound and Brewster showed up with proof of ownership and a valid driver's license. The question we must consider is whether the Fourth Amendment required further authorization for the LAPD to hold the vehicle for 30 days.

We have no cases on point, but Judge Henderson of the Northern District of California has addressed the matter in a thorough and well-reasoned opinion, which we find persuasive. *See Sandoval* v. *County of Sonoma*, 72 F. Supp. 3d 997 (N.D. Cal. 2014).

Because a 30-day impound is a "meaningful interference with an individual's possessory interests in [his] property," *Soldal*, 506 U.S. at 61 (internal quotation marks and citation omitted), the Fourth Amendment is implicated when a vehicle is impounded under section 14602.6(a). The district court found that such a seizure doesn't present a Fourth

Amendment problem because "the state has an important interest in . . . keeping unlicensed drivers from driving illegally." But that is beside the point. The Fourth Amendment "is implicated by a delay in returning the property, whether the property was seized for a criminal investigation, to protect the public, or to punish the individual." *Sandoval*, 72 F. Supp. 3d at 1004.

The Fourth Amendment doesn't become irrelevant once an initial seizure has run its course. *See Jacobsen*, 466 U.S. at 124 & n.25; *Lavan* v. *City of Los Angeles*, 693 F.3d 1022, 1030 (9th Cir. 2012); *see also Manuel* v. *City of Joliet*, 137 S. Ct. 911, 914, 920 (2017) (holding that the Fourth Amendment governed the entirety of plaintiff's 48-day detention). A seizure is justified under the Fourth Amendment only to the extent that the government's justification holds force. Thereafter, the government must cease the seizure or secure a new justification. Appellees have provided no justification here.

The only other circuit to address this specific issue is the Seventh. *See Lee*, 330 F.3d at 466. There, the City of Chicago seized Lee's vehicle for evidentiary purposes but failed to return it when it was no longer needed. *Id.* at 458–59. The parties agreed that the initial seizure of the vehicle was reasonable. *Id.* at 460. But Lee argued that "the *continued* possession of the property by the government became a meaningful interference with his possessory interest and, thus, must be interpreted as a Fourth Amendment seizure." *Id.* (emphasis added). The Seventh Circuit disagreed, holding that "[o]nce an individual has been meaningfully dispossessed, the seizure of the property is complete, and once justified by probable cause, that seizure is reasonable." *Id.* at 466. Reasoning that "Lee's car was

seized when it was impounded," the Seventh Circuit concluded that the City's continued possession of the vehicle "neither continued the initial seizure nor began another." *Id.*

To arrive at its conclusion, the Seventh Circuit distinguished *United States* v. *Place*. Law enforcement agents seized Place's luggage on suspicion that he might be carrying narcotics. 462 U.S. at 699. "There [was] no doubt that the agents made a 'seizure' of Place's luggage for purposes of the Fourth Amendment when . . . the agent told Place that he was going to take the luggage to a federal judge to secure issuance of a warrant." *Id.* at 707. But it wasn't this initial seizure that concerned the Supreme Court. Rather, it was the "90-minute detention of [Place's] luggage [that was] sufficient to render the seizure unreasonable." *Id.* at 710. We are unpersuaded by the Seventh Circuit's conclusion that *Place* "deal[t] only with the transformation of a momentary, investigative detention into a seizure" and "has no application after probable cause to seize has been established." *Lee*, 330 F.3d at 464.

*     *     *

The 30-day impound of Brewster's vehicle constituted a seizure that required compliance with the Fourth Amendment. Appellees argue that this result frustrates the state legislature's intent to impose a penalty on unlicensed drivers. We have no occasion to decide whether this objective is lawful. *See supra* p. 5 n.2. The police could impound a vehicle under section 22651(p), which authorizes impoundment when the driver doesn't have a valid license.

*See* Cal. Veh. Code § 22651(p).  Section 22651(p) doesn't have a mandatory 30-day hold period, thus avoiding the Fourth Amendment problem presented by section 14602.6(a).

**REVERSED.**