**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

JAN 12 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| AMERIPRISE FINANCIAL SERVICES, LLC,<br><br>         Plaintiff - Appellee,<br><br>  v.<br><br>INTERVENING ADVISORS,<br><br>         Defendant - Appellant,<br><br>and<br><br>LPL FINANCIAL, LLC,<br><br>         Defendant. | No. 25-4575<br><br>D.C. No.<br>3:24-cv-01333-JO-MSB<br><br>MEMORANDUM[*] |
| AMERIPRISE FINANCIAL SERVICES, LLC,<br><br>         Plaintiff - Appellee,<br><br>  v.<br><br>LPL FINANCIAL, LLC,<br><br>         Defendant - Appellant,<br><br>and | No. 25-4576<br><br>D.C. No.<br>3:24-cv-01333-JO-MSB |

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

INTERVENING ADVISORS,

       Defendant.

Appeal from the United States District Court
for the Southern District of California
Jinsook Ohta, District Judge, Presiding

Argued and Submitted November 17, 2025
Pasadena, California

Before: CLIFTON, OWENS, and DE ALBA, Circuit Judges.

Appellant LPL Financial, LLC ("LPL") appeals from the district court's "Order Dismissing Motion to Intervene [Dkt. 60] & Motion to Enforce Compliance with Stipulated Order [Dkt. 88]" ("July 18 order"). Appellants Intervening Advisors—Loyd Bouldin, Wade Cardon, Bryan Hutto, Joshua Lambert, Cody Mares, Martial Martinoni, Steven Schwartz, Samuel Sigler, Keith Smith, and Kevin Sullivan ("Advisors")—appeal from the July 18 order denying their motions to intervene as a matter of right and permissively pursuant to Federal Rules of Civil Procedure 24(a)(2) and 24(b)(1), respectively. As the parties are familiar with the facts, we do not recount them here. Appellee Ameriprise Financial Services, LLC's ("Ameriprise") argument to the contrary notwithstanding, we have jurisdiction over Advisors' appeal from the denial of intervention as a matter of right pursuant to 28 U.S.C. § 1291 because the district court denied intervention altogether. *See Stringfellow v. Concerned Neighbors in*

*Action*, 480 U.S. 370, 377 (1987). We conclude that Advisors met the requirements for intervention as a matter of right; vacate the July 18 order; remand this case for further proceedings consistent with this disposition; and order the district court to grant, on remand, Advisors' Rule 24(a) motion and permit the immediate intervention of Advisors into these proceedings.

"Denial of a motion to intervene as of right is reviewed *de novo*, except for the timeliness prong which is reviewed for an abuse of discretion." *Allen v. Bedolla*, 787 F.3d 1218, 1222 (9th Cir. 2015).

The district court abused its discretion in finding that Advisors' motion to intervene as a matter of right was untimely as each of the relevant factors indicated timeliness. *See League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1302 (9th Cir. 1997). First, the stage of the proceedings indicated timeliness, i.e., the existing parties had diverging interpretations of the Stipulated Order, which is why the Stipulated Order was brought back to the district court for re-review. *See United States v. Oregon*, 745 F.2d 550, 552 (9th Cir. 1984).

Second, the motion to intervene presented no prejudice to the existing parties, indicating timeliness. *See Smith v. L.A. Unified Sch. Dist.*, 830 F.3d 843, 857 (9th Cir. 2016). The Stipulated Order had largely lay dormant since December 12, 2024—when it was issued—given the parties' and Advisors' disagreement over its interpretation. It was not until the hearing on July 17, 2025, that the

district court took up the disagreement and, at the same time, denied Advisors' motion to intervene.

Third, the reason for and length of the delay indicates timeliness. Advisors did not move to intervene sooner because it was not until they received a March 14, 2025, memorandum from LPL and Ameriprise that they knew or should have known that their interests were not adequately represented in the case. *See Oregon*, 745 F.2d at 552. The delay between March 14, 2025, and the time that Advisors moved to intervene is approximately two months, which—in the context of this case—is not excessive. *Cf. League of United Latin Am. Citizens*, 131 F.3d at 1304 (noting "that additional delay is not alone decisive," but concluding that a 27-month delay was untimely when "the litigation was, by all accounts, beginning to wind itself down"). Accordingly, Advisors' motion to intervene was timely, and the district court abused its discretion in concluding otherwise.

The district court did not sufficiently address the remaining three intervention factors.[1] Each one tips toward intervention. First, Advisors have a "significantly protectable" interest that is implicated in this case. *See Wilderness*

---

[1] While we normally would not reach issues for the first time on appeal, the factors for intervention as a matter of right were "adequately briefed, here and before the district court"; "[t]he merits of [the] motion are clear"; and "the district court's failure to reach [the remaining intervention factors] is immaterial, as we would have reviewed its analysis *de novo*." *See Kalbers v. U.S. Dep't of Just.*, 22 F.4th 816, 827 (9th Cir. 2021) (footnote omitted).

*Soc'y v. U.S. Forest Serv.*, 630 F.3d 1173, 1176 (9th Cir. 2011) (en banc) (internal quotation marks and citation omitted). Specifically, Advisors have a possessory interest in their devices and repositories, which are subject to a search under the Stipulated Order.[2] *See Brewster v. Beck*, 859 F.3d 1194, 1196 (9th Cir. 2017); *Sierra Club v. EPA*, 995 F.2d 1478, 1482–83 (9th Cir. 1993).

Second, the Stipulated Order "may, as a practical matter, impair or impede [Advisors'] ability to protect [their] interest." *See United States v. Alisal Water Corp.*, 370 F.3d 915, 919 (9th Cir. 2004) (internal quotation marks and citation omitted). To search Advisors' devices and repositories, as the Stipulated Order requires, may necessitate the installation of software on Advisors' devices, if not the physical surrender of the devices and repositories. This could impair or impede Advisors' ability to protect their possessory interest in their devices and repositories. *See Brewster*, 859 F.3d at 1196; *Sierra Club*, 995 F.2d at 1482–83.

Third, Advisors have shown that "representation of [their] interest may be inadequate—a minimal burden." *See Kalbers*, 22 F.4th at 828 (internal quotation marks, citation, and emphasis omitted). As Advisors aptly argued, Advisors did not interpret the Stipulated Order as applying as broadly as the March 14, 2025, memorandum suggested. *See id.*

---

[2] Accordingly, we need not address the other significantly protectable interests that Advisors claim.

We therefore hold that Advisors met all the requirements to intervene as a matter of right, **VACATE** the July 18 order, and **REMAND** this case for further proceedings consistent with this disposition. We **INSTRUCT** the district court to grant, on remand, Advisors' Rule 24(a) motion and permit the immediate intervention of Advisors into these proceedings.[3]

**VACATED AND REMANDED WITH INSTRUCTIONS.**[4]

---

[3] Advisors argue that they are entitled to a stay of this case pending the outcome of arbitration pursuant to Section 3 of the Federal Arbitration Act, 9 U.S.C. § 1 et seq. We decline to reach this issue. *See Planned Parenthood of Greater Wash. & N. Idaho v. U.S. Dep't of Health & Human Servs.*, 946 F.3d 1100, 1110 (9th Cir. 2020). Advisors admit that Ameriprise has not briefed the Section 3 issue at the district court. *Cf. Thigpen v. Roberts*, 468 U.S. 27, 32 (1984) (expressing "little hesitation" in deciding an issue for the first time because, among other things, the parties' briefs from below were before it). Nor can the issue be decided by "a straightforward application of controlling precedent." *Cf. id.* at 33. In fact, contrary to Advisors' argument, this court has noted—in the context of the Rules of Arbitration of the International Chamber of Commerce, which Advisors argue are similar to Financial Industry Regulatory Authority Rules—that temporary injunctive relief is sometimes available through "any competent judicial authority" after the commencement of arbitration proceedings. *Toyo Tire Holdings of Ams. Inc. v. Cont'l Tire N. Am., Inc.*, 609 F.3d 975, 979 (9th Cir. 2010) (internal quotation marks and citation omitted).

[4] LPL's appeal and Advisors' appeal of the denial of permissive intervention are **DISMISSED** as moot. All issues raised in connection with Advisors' appeal of the denial of intervention as a matter of right—except for those addressed in this disposition—are moot. We **DENY** LPL's motion to seal (No. 25-4576, Dkt. No. 12.1). LPL offers only speculative fears of reputational harm in support of its motion. Such fears, on their own, do not overcome the strong common law presumption in favor of public access to court proceedings and records. *See Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006); *see also Brown & Williamson Tobacco Corp. v. Fed. Trade Comm'n*, 710 F.2d 1165, 1179 (6th Cir. 1983) (concluding that "[s]imply showing" release of information "would harm the company's reputation" is an insufficient reason to seal a judicial

record).  We **DENY** Ameriprise's motion for judicial notice (No. 25-4575, Dkt. No. 66; No. 25-4576, Dkt. No. 72).  The contents of Ameriprise's answering brief in a related appeal "are not a matter of which the court can take judicial notice." *See Hornish v. King County*, 899 F.3d 680, 702–03 (9th Cir. 2018).