NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FEB 27 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MICHAEL MILLER, Jr.; EUGENE
SIMEONA, Jr.; PJY ENTERPRISES, LLC,

Plaintiffs - Appellants,

v.

KEITH M. KANESHIRO, individually and
in his capacity as former Prosecuting
Attorney of the City and County of
Honolulu; HONOLULU POLICE
DEPARTMENT; CITY AND COUNTY
OF HONOLULU; JOHN AND JANE
DOES, 1-10; DOES, Governmental Entities
1-10,

Defendants - Appellees.

No. 25-1994

D.C. No.
1:23-cv-00129-MWJS-WRP

MEMORANDUM*

Appeal from the United States District Court
for the District of Hawaii
Micah W. J. Smith, District Judge, Presiding

Argued and Submitted February 10, 2026
Honolulu, Hawaii

Before: BYBEE, R. NELSON, and FORREST, Circuit Judges.

Michael Miller, Jr., Eugene Simeona, Jr., and PJY Enterprises, LLC

---

* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

(Appellants) appeal the district court's grant of summary judgment for the City and County of Honolulu and the Honolulu Police Department (Appellees). We have jurisdiction under 28 U.S.C. § 1291. We "review a district court's order granting summary judgment de novo." *Scanlon v. County of Los Angeles*, 92 F.4th 781, 796 (9th Cir. 2024). We affirm the district court's order.

1.	The district court correctly concluded that the statutes of limitations began to run, at the latest, on October 27, 2016. Under both state and federal law, the claims "accrue[] when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Knox v. Davis*, 260 F.3d 1009, 1013 (9th Cir. 2001) (citation omitted); *see Ass'n of Apartment Owners of Newtown Meadows ex rel. its Bd. of Dirs. v. Venture 15, Inc.*, 167 P.3d 225, 270 (Haw. 2007).

Drawing all reasonable inferences for Appellants, the latest possible accrual date would be when the criminal charges were dismissed. The "injury" or actionable wrong here was the unreasonable retention of the machines after the City had no legal interest in them. That began on October 27, 2016. "A seizure is justified under the Fourth Amendment only to the extent that the government's justification holds force. Thereafter, the government must cease the seizure or secure a new justification." *Brewster v. Beck*, 859 F.3d 1194, 1197 (9th Cir. 2017). The government's justification here was the criminal case against Appellants; once those charges were dismissed in October 2016, the justification vanished and the statutes

began to run. *See United States v. Wright*, 49 F.4th 1221, 1225 (9th Cir. 2022). Hawai'i law also demonstrates that "a defendant has a right to property lawfully seized where the government no longer has reason for its retention." *Awaya v. State*, 705 P.2d 54, 61 (Haw. Ct. App. 1985) (emphasis and citation omitted). Once the charges were dismissed, the City had no authority to continue holding the machines, and the deadlines for administrative forfeiture under Chapter 712A had long since passed.

Appellants argue that the proper accrual date should be either December 20, 2021, or July 15, 2022. Appellants base their first proposed accrual date on when the Supreme Court of Hawai'i decided *Alm v. Eleven Products Direct Sweepstakes Machines*, 501 P.3d 298 (Haw. 2021). But as the Supreme Court of Hawai'i has held, "the discovery rule prevents the running of the statute of limitations until the plaintiff has knowledge of those facts which are necessary for an actionable claim before the statute begins to run. It does not delay the start of the limitations period until the plaintiff learns of the legal duty upon which he or she may base a cause of action." *Hays v. City & Cnty. of Honolulu*, 917 P.2d 718, 725 (Haw. 1996) (cleaned up). Appellants knew all necessary facts in October 2016: the City had no right to keep the machines after the criminal charges were dismissed, yet it kept them without having initiated forfeiture proceedings. That is the fact (which Appellants knew) that created the causes of action here alleged. Appellants could have filed

3                                                                                          25-1994

this suit then (or at any point in the next six years), and if they thought *Alm* was outcome-determinative, they could have consolidated it with *Alm* or moved for an immediate stay pending *Alm*'s outcome. Instead, they chose to roll the dice and wait over six years before inquiring again about the machines and suing.

Appellants' other proposed accrual date fares no better. Appellants argue that July 2022, when the City informed them of damage to the machines, was the proper date. Appellants argue that they did not know of the damage to the machines, which supported their negligence and bailment claims, before then. But the proper characterization is not that they did not know of the damage to the machines, but the *extent* of the damage. The damages to the machines were not "continuing acts of the same nature" that create a constantly resetting clock, but the "ill effects from an original violation," with the original violation here being the 2016 retention. *Nesovic v. United States*, 71 F.3d 776, 778 (9th Cir. 1995) (citations omitted).

October 27, 2016, is the date the clock started ticking, because it is when Appellants knew of the alleged injury. Appellants have not shown more than a "metaphysical doubt" that they only learned of the unlawful retention in the six years before this lawsuit was filed. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Thus, the district court's order was proper.

2.      Appellants argue that they are entitled to equitable tolling. "Equitable tolling is a rare remedy to be applied in unusual circumstances . . . ." *Wallace v.*

*Kato*, 549 U.S. 384, 396 (2007). We look to Hawaiʻi state law to determine when this "rare remedy" applies. *Id.* at 394–96. To merit equitable tolling in Hawaiʻi, "a plaintiff must demonstrate (1) that he has been pursuing his right diligently, and (2) that some extraordinary circumstance stood in his way. Extraordinary circumstances are circumstances that are beyond the control of the complainant and make it impossible to file a complaint within the statute of limitations." *Off. of Hawaiian Affs. v. State*, 133 P.3d 767, 789 (Haw. 2006) (cleaned up).

Appellants argue that *Alm* was the extraordinary circumstance making it impossible to file suit. But if Appellants believed *Alm* was decisive here, they could have filed and consolidated the cases, appealed any potential dismissal, or moved to hold the case in abeyance. Or they could have filed and persuasively distinguished this case from *Alm*. *Alm* addressed only the timeliness of forfeiture proceedings, while there were no forfeiture proceedings for the 81 machines here. *Alm*, 501 P.3d at 303. There is also no tolling for a continuing wrong here. The injury here was the unjustified retention of the machines; all other damages and claims flowed from that. As a result, Appellants are not entitled to equitable tolling.

**AFFIRMED.**

25-1994