**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

MAR 16 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BREONNAH FITZPATRICK; CHRISTOPHER OFFICER, as class representatives; TIMOTHY MCCARTY, individually and as class representative,<br><br>Plaintiffs - Appellants,<br><br>v.<br><br>CITY OF LOS ANGELES, a municipal corporation; CITY OF LOS ANGELES DEPARTMENT OF TRANSPORTATION, a public entity; LOS ANGELES POLICE DEPARTMENT, a public entity,<br><br>Defendants - Appellees. | No. 24-5998<br><br>D.C. No. 2:21-cv-06841-JGB-SP<br><br>MEMORANDUM* |
| BREONNAH FITZPATRICK; CHRISTOPHER OFFICER; TIMOTHY MCCARTY,<br><br>Plaintiffs - Appellees,<br><br>v.<br><br>CITY OF LOS ANGELES; CITY OF LOS ANGELES DEPARTMENT OF TRANSPORTATION; LOS ANGELES POLICE DEPARTMENT, | No. 24-6698<br><br>D.C. No. 2:21-cv-06841-JGB-SP |

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Defendants - Appellants.

Appeal from the United States District Court
for the Central District of California
Jesus G. Bernal, District Judge, Presiding

Submitted March 12, 2026[**]
Pasadena, California

Before: TALLMAN, RAWLINSON, and HAMILTON, Circuit Judges.[***]

Breonnah Fitzpatrick, Christopher Officer, and Timothy McCarty appeal from the district court's judgment in their putative class action alleging federal and state law claims in connection with the impoundment of their vehicles. The City of Los Angeles, City of Los Angeles Department of Transportation, and Los Angeles Police Department (collectively, the City) cross-appeal from the same judgment. We have jurisdiction under 28 U.S.C. § 1291. We affirm the district court in case number 24-5998 and dismiss the cross-appeal in case number 24-6698 as moot.

1.     The district court properly dismissed McCarty's Fourth and Fifth Amendment claims in the Second Amended Complaint (SAC) for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).[1] We review de novo.

---

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable David F. Hamilton, United States Circuit Judge for the 7th Circuit Court of Appeals, sitting by designation.

[1] The district court dismissed other claims from the Second Amended Complaint. Those claims are not at issue here.

*Depot, Inc. v. Caring for Montanans, Inc.*, 915 F.3d 643, 652 (9th Cir. 2019).

Taking the allegations in the SAC as true, as we must, McCarty's car was seized and towed from a public roadway because it did not have current registration and was held in impound for 39 days. Under California law at the time, it was illegal to "drive, move, or leave standing" a motor vehicle on a public roadway without valid registration. Cal. Veh. Code § 4000(a)(1) (West 2014). Thus, McCarty could neither leave his car where it was nor "remove [it] from [the] public location without continuing its illegal operation." *Miranda v. City of Cornelius*, 429 F.3d 858, 865 (9th Cir. 2005). Since leaving the car where it was or allowing McCarty to move it on the public roadway would have been illegal, impounding it was the only reasonable way to prevent continued illegality. Accordingly, the facts as alleged in the SAC do not state a claim for a Fourth Amendment violation as to the initial seizure.

Nor do they state a claim as to the length of the impoundment. *See Brewster v. Beck*, 859 F.3d 1194, 1197 (9th Cir. 2017) ("A seizure is justified under the Fourth Amendment only to the extent that the government's justification holds force."). The SAC does not allege that McCarty ever obtained current registration for his car or could move it legally, so it does not state a claim that the police held his car longer than was necessary to prevent its illegal presence on public roadways.

McCarty argues only that his claim under the Fifth Amendment's Takings Clause rises and falls with his Fourth Amendment claim. As we find he failed to state a claim under the Fourth Amendment, he necessarily failed to state a claim under the Fifth Amendment as well. *See Bennis v. Michigan*, 516 U.S. 442, 452 (1996) ("The government may not be required to compensate an owner for property which it has already lawfully acquired under the exercise of governmental authority other than the power of eminent domain.").

2. The issues related to class certification are moot because Fitzpatrick and Officer voluntarily settled their individual claims after class certification was denied and do not retain a financial stake in the outcome of the class claims. *See Brady v. AutoZone Stores, Inc.*, 960 F.3d 1172, 1175 (9th Cir. 2020).

3. The City recognizes that its cross-appeal is moot if we resolve case number 24-5998 in its favor. Thus, we dismiss the cross-appeal as moot.

The district court's judgment is **AFFIRMED** in case number 24-5998. Case number 24-6698 is **DISMISSED AS MOOT**.[2]

---

[2] Any outstanding motions in case number 24-6698 are denied as moot.